RECEIVED
IN ALEXANDRIA, LA
MAY 26 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT GREEN, III<br>LA. DOC #479193 | CIVIL ACTION NO. 09-0224 |
| VS. | SECTION P |
| | JUDGE TRIMBLE |
| WARDEN, BOSSIER PARISH MEDIUM<br>CORRECTIONAL CENTER | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Albert Green, III, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 5, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Caldwell Correctional Center (CCC), Greyson, Louisiana, however, when he filed his petition, he was housed at either the Bossier Parish Medium Correctional Center (BPMCC), Plain Dealing, Louisiana or the River Bend Detention Center (RBDC), Lake Providence, Louisiana.[1] Petitioner attacks his 2005 armed robbery conviction in the Ninth Judicial District Court Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

---

[1] When petitioner prepared his petition, he alleged that he was incarcerated at the BPMCC [see rec. doc. 1, p. 1]; nevertheless, the pleading was mailed from RBDC. [rec. doc. 1, p. 21]. In a letter dated February 22, 2009 petitioner advised that he was incarcerated at RBDC when he filed his complaint. [rec. doc. 3]

following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner pled guilty to a charge of armed robbery on August 16, 2005, and, on the same date he was sentenced to serve 17 ½ years at hard labor without parole. [rec. doc. 1, ¶1-6] He did not appeal. [Id., ¶8]

On some unspecified date in September, 2006 petitioner filed an application for post-conviction relief in the district court. He alleged a single claim of ineffective assistance of counsel based on counsel's failure investigate, failure to file pre-trial motions, and based on counsel's misleading assurance that petitioner would receive a sentence of only 10 years. [Id., ¶11(a)(3); see also rec. doc. 1-3, Exhibit A, pp. 1-10] His application for post-conviction relief was denied without a hearing on September 19, 2006. [rec. doc. 1, ¶11(a)(6-8)]

On October 26, 2006 he sought further review in Louisiana's Third Circuit Court of Appeals. On January 29, 2007 that court denied relief. [See State of Louisiana v. Albert Joe Green, III, No. KH 06-1383 (La. App. 3 Cir. 1/29/2007) at rec. doc. 1-3, Exhibit B, pp. 13-14]

On some unspecified date petitioner sought review in the Louisiana Supreme Court. On January 25, 2008 the Supreme Court

denied writs. State of Louisiana ex rel. Albert Joe Green v. State of Louisiana, 2007-0877 (La. 1/25/2008), 973 So.2d 749. [See also rec. doc. 1-3, p. 17]

Petitioner's undated *habeas corpus* petition was mailed on February 4, 2009 [rec. doc. 1, p. 21] and received and filed on February 5, 2009.

### Law and Analysis

#### 1. Limitations – 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time **before** the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence, at the latest, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], on or about September 16, 2005 when the 30 day

---

[2] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered.(see 28 U.S.C. § 2244(d)(1)(C) and (D)).

To the extent that petitioner claims that State created impediments prevented him from timely filing this petition (see §2244(d)(1)(B)), that claim is addressed in Part 2, below.

4

period for filing a motion for appeal lapsed.[3] Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until September 16, 2006 to file his federal *habeas* petition.

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on some unspecified date in September. If he filed his motion prior to the expiration of the AEDPA limitations period, then, he could rely on the tolling provisions of §2244(d)(2) which provide, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Giving petitioner the benefit of every doubt, it will be assumed, for the purposes of this Report and Recommendation, that he filed his application for post-conviction relief on September 1, 2006, and that he was thus able to toll limitations during the period that his application for post-conviction relief remained pending in the Ninth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court.

Nevertheless, even if petitioner is afforded the benefit of the doubt, a period of 350 days of the 365 day limitations period expired between September 16, 2005 and September 1, 2006. As

---

[3] See La. C.Cr.P. art. 914(B) which provides, "The motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken..."

5

noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Further, petitioner's application for post-conviction relief ceased to be pending on January 25, 2008 when the Louisiana Supreme Court denied writs. See <u>State of Louisiana ex rel. Albert Joe Green v. State of Louisiana</u>, 2007-0877 (La. 1/25/2008), 973 So.2d 749. Thereafter, petitioner allowed another full year to elapse before he filed the instant petition in February 2009.

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Limitations – 28 U.S.C. §2244(d)(1)(B)*

Petitioner implies that he is entitled to avail himself of the statutory tolling provision contained in §2244(d)(1)(D). See rec. doc. 1, ¶18, "Time used to exhaust state court remedies while housed in facility with no law library or inmate counsel substitute."

The Fifth Circuit has determined that the absence of a copy of the AEDPA in a prison law library coupled with "the state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement" may result in a "state created impediment" for the purpose of tolling the statute

6

of limitations under 28 U.S.C. § 2244(d)(1)(B). See <u>Egerton v. Cockrell</u>, 334 F.3d 433, 438-39 (5th Cir.2003). As further noted by the Court, "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action, (3) in violation of the Constitution or federal law." *Id* . at 436.

Construed liberally, petitioner asserts that State action – an inadequate law library – <u>impeded his efforts to exhaust State court remedies</u>. He does not contend that his ability to file the instant petition was impeded. Further, as the above analysis shows, petitioner has been afforded the benefits of tolling during the period that his State post-conviction proceedings remained pending – from September, 1, 2006 through January 2008. Even if the period of tolling is reckoned from the date of his conviction in August 2005, his claim is still prescribed because he allowed more than one year to elapse between the date that his State post-conviction proceedings were terminated by the Louisiana Supreme Court's writ denial and the date he filed his federal petition. In short, petitioner is not entitled to statutory tolling.

## 3. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S.

7

1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting <u>Davis</u>, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See <u>Turner v. Johnson</u>, 177 F.3d 390, 291 (5th Cir.1999); see also <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting <u>Rashidi v. American President Lines</u>, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana May 7th, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE